IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE CO., | § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-CV-0770-D |
| VS. | § § | |
| MCDONNELL COATES LLP, et al., | § § | |
| Defendants. | § § | |
| KJ LAW, PLLC, et al., | § § | |
| Third-Party Plaintiffs, | § § | |
| VS. | § § | |
| BERKLEY INSURANCE CO. | § § | |
| Third-Party Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

In this diversity action involving insurance coverage and related claims, defendant-third-party defendant Berkley Insurance Company ("Berkley") moves under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. Without suggesting a view on how the court would rule on a summary judgment motion, it denies the motion to dismiss.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

As the parties recognize in their briefing, the questions whether Berkley has a duty to defend and/or indemnify McDonnell Coates LLP, Kevin J. McDonnell, and KJ Law, PLLC, and whether Evanston Insurance Company ("Evanston") is entitled to subrogation from Berkley, turn on whether the four lawsuits and two demands at issue are "Related Claims" to the claim brought by the Genants. This is so because the Berkley and Evanston insurance policies in question are claims-made policies, and only the Genants' claim was made during the Berkley policy period. The other claims—made outside the policy period—are covered only if they are "Related Claims" to the Genants' claim.

Accepting as true the allegations of Evanston's second amended complaint for declaratory judgment and third-party plaintiffs' third-party complaint, and considering those pleadings together with all documents that can be taken into account when deciding a Rule 12(b)(6) motion, the court holds that Evanston has pleaded a plausible subrogation claim, and third-party plaintiffs have pleaded plausible breach of contract and specific performance claims, against Berkley.[2]

The court is also unable to conclude at the Rule 12(b)(6) stage that coverage under the Berkley policy is foreclosed by the Texas fortuity doctrine, or that third-party plaintiffs have failed to plead at least one plausible basis to recover for breach of the duty of good faith and fair dealing and for a violation of the Texas Insurance Code.

---

[2]This conclusion includes the court's rejection of Berkley's reliance at the Rule 12(b)(6) stage on the affirmative defense of judicial estoppel.

Accordingly, without suggesting a view on how the court would rule on a summary judgment motion, it denies the motion to dismiss.

II

The court adds this gentle reminder[3] of the parties' obligation to comply with the local civil rules when preparing briefs.

In briefing the instant motion to dismiss, the parties have included footnotes that are smaller than 12-point font size. This violates N.D. Tex. Civ. R. 7.2(a), which provides:

> **General Form.** A brief must be printed, typewritten, or presented in some other legible form. The brief must be on an 8½-by-11 inch page. The font size must be 12-point or larger. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

Under Rule 7.2(a), although footnotes may be prepared single-spaced, they are subject to the same font size requirement as is the text of the brief: 12-point or larger. The court expects counsel in this and other civil actions pending before this court to comply with the font size requirement of Rule 7.2(a) when preparing briefs.

---

[3] The reminder is but a "gentle" one because the court intends no criticism of the overall quality of the parties' briefs.

* * *

The court denies Berkley's motion to dismiss.

**SO ORDERED**.

May 20, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE