IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-CV-0770-D |
| VS. | § | |
| | § | |
| MCDONNELL COATES LLP, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| KJ LAW, PLLC, et al., | § | |
| | § | |
| Third-Party Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| BERKLEY INSURANCE CO. | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant and third-party plaintiffs McDonnell Coates LLP, Kevin J. McDonnell, and KJ Law, PLLC (collectively, "McDonnell") move to compel defendant-third-party defendant Berkley Insurance Company ("Berkley") to respond to McDonnell's first requests for production of documents ("RFPs") served on December 29, 2020. For the reasons that follow, the court grants the motion to the extent of ordering Berkley to respond to the RFPs, but it defers consideration of whether Berkley has waived any available objections.

I

In April 2020 plaintiff Evanston Insurance Company ("Evanston") filed this lawsuit against McDonnell, seeking a declaratory judgment that it is not obligated to defend or indemnify McDonnell. The parties conducted a Fed. R. Civ. P. 26(f) conference on August 11, 2020, and on August 24, 2020 the court entered a scheduling order. The parties to the lawsuit at that time were Evanston and McDonnell.

On November 12, 2020 the court granted McDonnell leave to file a third-party complaint against Berkley, which was served on December 8, 2020. McDonnell delivered the RFPs to Berkley on December 29, 2020. Berkley has not served any responses or objections to the RFPs or produced any responsive documents.

II

McDonnell moves to compel Berkley to respond to the RFPs. It contends that Berkley's response, including any objections, was due 30 days after the date the RFPs were served, or January 28, 2021. Because Berkley has not responded, McDonnell moves the court to compel Berkley to respond and to hold that, by failing to respond, Berkley has waived any objections to the RFPs.

Berkley maintains that the RFPs were not validly served or are not yet considered served because Berkley has not yet participated in a Rule 26(f) conference and Berkley was not served with the RFPs more than 21 days after it was served with the summons and third-party complaint. Berkley posits that a party joined after the Rule 26(f) conference has been held may not be served with discovery requests until a second conference is held and

that, under Rule 26(d)(2), Rule 34 requests cannot be served until more than 21 days after the receiving party has been served with the summons and complaint.

McDonnell posits that the discovery moratorium of Rule 26(d)(1)—that is, that a party may not seek discovery from any source before the Rule 26(f) conference—does not apply to parties joined after the first Rule 26(f) conference and that the discovery rules do not require a second Rule 26(f) conference for later-joined parties. McDonnell also contends that Rule 26(d)(2)—entitled "Early Rule 34 Requests"—is inapplicable because it only addresses when a party can deliver Rule 34 requests before the first Rule 26(f) conference.

### III

The court concludes that Rule 26(d)(1) and (2) do not apply to McDonnell's RFPs because these rules do not address RFPs served on parties joined after the first Rule 26(f) conference.

Rule 26(d)(1) and (2) provide:

> **(1) *Timing*.** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
> **(2) *Early Rule 34 Requests*.**
> **(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:
> > (I) to that party by any other party, and
> > (ii) by that party to any plaintiff or to any other party that has been served.
>
> **(B) When Considered Served.** The request is considered to have been served at the first Rule 26(f) conference.

- 3 -

Rule 26(d)(1) does not prohibit McDonnell from seeking discovery from Berkley even though Berkley was not a party when the Rule 26(f) conference was held and did not participate in it. First, Berkley has not cited, and the court has not found, any case in which a court has concluded that an additional Rule 26(f) conference is required before an original party can seek discovery from parties added after the initial Rule 26(f) conference. In fact, the Advisory Committee Note to Rule 26(f) indicates that an additional Rule 26(f) conference is permissible, not mandatory: "an additional [Rule 26(f)] meeting *may be* desirable" if new parties are joined after the initial Rule 26(f) conference. Rule 26(f), advisory committee note, 1993 amendment (emphasis added).

The timing of initial disclosures prescribed by Rule 26(a)(1) further confirms that an additional Rule 26(f) conference is not required before a later-joined party incurs discovery obligations. Rule 26(a)(1)(C) requires that a party make its initial disclosures at or within 14 days after the parties' Rule 26(f) conference.* By contrast, Rule 26(a)(1)(D)—entitled "Time for Initial Disclosures—For Parties Served or Joined Later"—states that "[a] party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order." In other words, a later-joined party is obligated to serve its initial disclosures even though it did not participate in the first Rule 26(f) conference, and the

---

*This is so "unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Rule 26(a)(1)(C).

timing of such disclosures is based on when the party is served or joined, not when a second Rule 26(f) conference is held.

A number of district courts have also held that Rule 26 does not prohibit or stay discovery served on parties added after a Rule 26(f) conference, and that Rule 26 does not require an additional conference with later-added parties. *See, e.g., In re Outlaw Lab., LP Litig.*, 2020 WL 1674552, at *4-8 (S.D. Cal. Apr. 6, 2020) (citing cases).

Rule 26(d)(2) also does not apply to the instant case. As the Advisory Committee Note explains, the purpose of Rule 26(d)(2) is to relax the discovery moratorium before the initial Rule 26(f) conference "to facilitate focused discussion during the Rule 26(f) conference." Rule 26(d)(2), advisory committee note, 2015 amendments. A party may choose to deliver discovery requests to another party "for advance scrutiny of requests" before the initial Rule 26(f) conference, but a Rule 34 request is still deemed served on the date of the Rule 26(f) conference. *See* Rule 26(d)(2)(B). The requests McDonnell served on Berkley are not "Early Rule 34 Requests" because they were not delivered before the parties' Rule 26(f) conference.

Accordingly, McDonnell's RFPs were not premature or invalid when they were served on Berkley on December 29, 2020, and Berkley's responses, including any objections thereto, were due on January 28, 2021.

IV

McDonnell asks the court to hold that Berkley has waived any objections to McDonnell's RFPs because Berkley failed to respond or object within 30 days of service.

A

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). And "if a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses [that] failure." *Richmond v. SW Closeouts, Inc.*, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016) (Horan, J.). In deciding whether good cause exists, courts consider (1) the length of the delay in failing to object; (2) the reason for the delay; (3) whether there was any bad faith or dilatory action of the party that failed to object; (4) whether the party seeking discovery was prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party. *See Clewis v. Medco Health Sols., Inc.*, 2013 WL 5354574, at *3 (N.D. Tex. Sept. 25, 2013) (Horan, J.) (citation omitted).

B

Because the present briefing is inadequate for the court to consider and apply the good-cause factors identified in cases like *Clewis*, the court will defer consideration of whether Berkley has waived any available objections to the RFPs. The briefing is inadequate because the parties have not addressed the factors, focusing instead on whether waiver applies to Rule 34 requests and whether waiver is automatic.

Additionally, considering objections (if any) actually made may enable the court to

evaluate the waiver factors with greater precision. For example, the factor that considers whether waiver would impose an excessively harsh result on the defaulting party may be more precisely assessed in the context of an objection actually made.

Accordingly, if in response to the RFPs Berkley makes any objections, McDonnell in an appropriate motion may assert grounds for contending that the objections are waived. The court will defer considering whether Berkley has waived any such objections until they are asserted by Berkley and challenged by McDonnell.

\* \* \*

For the reasons explained, the court grants McDonnell's motion to compel and orders that Berkley respond to the RFPs within 28 days of the date this memorandum opinion and order is filed. The court defers consideration of whether Berkley has waived any available objections to the RFPs.

**SO ORDERED**.

June 11, 2021.

                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE